**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-mc-00190-RM

AMTRUST NORTH AMERICA, INC. and
TECHNOLOGY INSURANCE COMPANY, INC.,

      Plaintiffs,

v.

SAFEBUILT INSURANCE SERVICES, INC.
a/k/a SAFEBUILT WHOLESALE INSURANCE SERVICES, INC., THE TAFT COMPANIES,
LLC, PREFERRED GLOBAL HOLDINGS, INC., DAVID E. PIKE, DAVID E. PIKE, INC.,
PHILIP SALVAGIO, SALMEN INSURANCE SERVICES, INC. f/k/a SALVAGIO, INC.,
CARL M. SAVOIA, JOHN DOE CORPORATIONS 1-5, and JOHN DOES 1-5,

      Defendants and Third Party Plaintiffs,

v.

NETWORK ADJUSTERS, INC., ROBERT SANDERS, PREFERRED REINSURANCE
INTERMEDIARIES, BUILDERS & TRADESMEN'S INSURANCE SERVICES, INC., JOHN
DOE BROKERAGES 1-5, JOHN DOE BROKERS 1-5, JOHN DOE CORPORATIONS 6-15,
and JOHN DOES 6-15,

      Third-Party Defendants.

---

## ORDER

---

      This matter is before the Court on Defendants/Third-Party Plaintiffs' Motion to Restrict Public Access (ECF No. 25) ("Motion to Restrict"), requesting a Level 1 restriction on certain documents. Additionally, the parties filed a "stipulation withdrawing Defendants' Motion to Restrict and (ECF No. 25) with prejudice and without costs and fees, and designating Exhibits 10 and 11 (ECF No. 3) of Plaintiff's Motion (ECF No. 1), and any pleading revealing the contents

of Exhibit 10 or 11 of Plaintiffs' Motion, as Level 1 restriction for purposes of these proceedings pending before this Court" ("Motion to Withdraw").  (ECF No. 28 at 1.)

For the reasons set forth below, the Court DENIES the Motion to Withdraw (ECF No. 28), GRANTS, in part, and DENIES, in part, the Motion to Restrict (ECF No. 25).

## I.  LEGAL STANDARDS

Pursuant to D.C.COLO.LCivR 7.2, a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

## II.  ANALYSIS

As an initial matter, pursuant to Local Civil Rule 7.2, the parties are unable to stipulate to designating certain documents as restricted.  *See* D.C.COLO.LCivR 7.2.  Therefore, the parties' Motion to Withdraw is of no effect and the Court DENIES it.

As to the Motion to Restrict, Defendants move to restrict Exhibit 10 (ECF No. 3) and Exhibit 11 (ECF No. 3-1) of Plaintiffs' Motion for Protective Order and to Quash Subpoenas Pursuant to Rules 26(c) and 45(d)(3), and Transfer Motion to Southern District of New York Pursuant to Rule 45(f) (ECF No. 1) ("Plaintiffs' Motion").  The proposed order e-mailed to Chambers, however, goes further than that requested in the Motion to Restrict and grants the following relief:  "IT IS ORDERED that Exhibit 10 (ECF No. 3) and Exhibit 11 (ECF No. 3) of Plaintiffs' Motion for Protective Order and to Quash Subpoenas Pursuant to Rules 26(c) and 45(d)(3), and Transfer Motion to Southern District of New York (ECF No. 1) ("Plaintiffs'

Motion"), as well as Defendant/Third-Party Plaintiffs' Memorandum, and the Declaration of Ross B. Hofherr, in Support of Motion to Restrict and For Attorney Fees *and any pleading revealing the contents of Exhibit 10 and Exhibit 11 of Plaintiffs' Motion, are all hereby designated as Level 1 restriction and will be viewable by the parties and the Court only*." (Emphasis added).

The Court has reviewed Exhibit 10 and Exhibit 11 of Plaintiffs' Motion. The Court is uncertain as to which documents Defendants refer as "revealing the contents of Exhibit 10 and Exhibit 11 of Plaintiffs' Motion." Therefore, to the extent Defendants seek restriction as to documents other than Exhibit 10 and Exhibit 11 of Plaintiffs' Motion, Defendants have failed to identify the documents for which restriction is sought. Therefore, Defendants have satisfied the first element of Local Civil Rule 7.2(c) as to Exhibits 10 (ECF No. 3) and 11 (ECF No. 3-1) of Plaintiffs' Motion but not as to any other documents.

Defendants identify that a non-party, "Pac Re's proprietary interest in corporate decision-making outweighs the presumption of public access because Pac Re is not a party to this litigation and as a non-party Pac Re should not be forced to disseminate sensitive business plans." (ECF No. 25-1 at 4.) Defendants argue that "[p]ublic dissemination of Exhibits 10 and 11 of Plaintiffs' Motion will seriously injure and compromise Pac Re's competitive position because its strategy for making corporate decisions will be disclosed. Furthermore, public dissemination of Exhibit 11 will strip Pac Re's right to protection under the privilege laws of Montana." (ECF No. 25-1 at 4-5.) The Court finds that Defendants have sufficiently articulated elements two and three of Local Civil Rule 7.2(c).

Defendants argue that only Level 1 restriction will adequately protect Pac Re's interests because the entireties of the documents are confidential and/or privileged. (ECF No. 25-1 at 5.) The Court finds that Defendants have sufficiently articulated element four of Local Civil Rule 7.2(c).

Defendants seek Level 1 restriction. (ECF No. 25-1 at 5.) Therefore, Defendants have satisfied element five of Local Civil Rule 7.2(c).

The Court finds good cause and compliance with Local Civil Rule 7.2(c) as to Exhibit 10 (ECF No. 3) and Exhibit 11 (ECF No. 3-1) of Plaintiffs' Motion. The Court does not find good cause and compliance with Local Civil Rule 7.2(c) as to any other document.

### III. CONCLUSION

Based on the foregoing, the Court:

(1) DENIES the Motion to Withdraw (ECF No. 28);

(2) GRANTS, in part, and DENIES, in part, the Motion to Restrict (ECF No. 25), to wit, the Court:

    (i) RESTRICTS to Level 1 Exhibit 10 (ECF No. 3) and Exhibit 11 (ECF No. 3-1) of Plaintiffs' Motion (ECF No. 1);

    (ii) DOES NOT RESTRICT any other filing; and

    (iii) DENIES all other relief sought in the Motion to Restrict (ECF No. 25).

DATED this 11th day of December, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge