IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-mc-00190-RM

AMTRUST NORTH AMERICA, INC. and
TECHNOLOGY INSURANCE COMPANY, INC.,

       Plaintiffs,

v.

SAFEBUILT INSURANCE SERVICES, INC.
a/k/a SAFEBUILT WHOLESALE INSURANCE SERVICES, INC., THE TAFT COMPANIES, LLC, PREFERRED GLOBAL HOLDINGS, INC., DAVID E. PIKE, DAVID E. PIKE, INC., PHILIP SALVAGIO, SALMEN INSURANCE SERVICES, INC. f/k/a SALVAGIO, INC., CARL M. SAVOIA, JOHN DOE CORPORATIONS 1-5, and JOHN DOES 1-5,

       Defendants and Third-Party Plaintiffs,

v.

NETWORK ADJUSTERS, INC., ROBERT SANDERS, PREFERRED REINSURANCE INTERMEDIARIES, BUILDERS & TRADESMEN'S INSURANCE SERVICES, INC., JOHN DOE BROKERAGES 1-5, JOHN DOE BROKERS 1-5, JOHN DOE CORPORATIONS 6-15, and JOHN DOES 6-15,

       Third-Party Defendants.

---

## ORDER
---

This matter is before the Court on Plaintiffs AmTrust North America, Inc. and Technology Insurance Company, Inc.'s "motion for [a] protective order and to quash the subpoena issued by Defendants and Third-Party Plaintiffs Pursuant to Rules 26(c) and 45(d)(3) and transfer motion to [the] [United States District Court for the] Southern District [o]f New York pursuant to Rule 45(f)" ("Motion for a Protective Order and to Quash or to Transfer"). (ECF No. 1 at 2.) The subpoenas were issued in Civil Action No. 14-cv-9494 currently pending

before the United States District Court for the Southern District of New York.  (ECF Nos. 1-13; 1-14; 1-15; 1-16.)

Under Rule 45(f) of the Federal Rules of Civil Procedure, the Court may transfer this motion to the U.S. District Court for the Southern District of New York on either of two conditions: "if the person subject to the subpoena consents or if the court finds exceptional circumstances."

All persons subject to the at-issue subpoenas consent to transfer.  (ECF Nos. 17 at 18 (citing ECF Nos. 16, Bryant Decl. ¶ 6; 16-5, E-mail); 31-1; 33-1.)  Thus, the Court does not need to consider whether the case presents "exceptional circumstances."  It is enough to note that the requested transfer does not appear to be frivolous or made in bad faith.  The issuing court is already weighing very similar questions of relevance and undue burden and it makes sense for that court to resolve the part of the Motion for a Protective Order and to Quash.  Therefore, the Court transfers the Motion for a Protective Order and to Quash.

Defendants/Third-Party Plaintiffs filed a motion for leave to file a sur-reply ("Motion to Sur-Reply").  (ECF No. 19.)  The Court transfers the Motion to Sur-Reply.

The Court notes that on December 31, 2015, Plaintiffs filed a letter with the Court in which they state that they "hereby withdraw the entirety of its motion to quash presently pending before Judge Moore." (ECF No. 35 at 1.)  Such a request is not properly before the Court in such a procedural posture.  D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."); *see, e.g.*, *Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. Apr. 22, 2010); *see Calderon v. Kan.*

*Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (a response to motion to dismiss is insufficient to be construed as request to amend a complaint).

Based on the foregoing, the Court:

(1) GRANTS, in part, the Motion for a Protective Order and to Quash or to Transfer (ECF No. 1), to wit, the Court:

   (i) TRANSFERS the Motion for a Protective Order and to Quash (ECF No. 1) to the U.S. District Court for the Southern District of New York as the issuing court under the caption *AmTrust North America, Inc. v. Safebuilt Insurance Services, Inc.*, Civil No. 14-CV-9494 (S.D.N.Y.);

   (ii) TRANSFERS the Motion to Sur-Reply (ECF No. 19) to the U.S. District Court for the Southern District of New York under the caption *AmTrust North America, Inc. v. Safebuilt Insurance Services, Inc.*, Civil No. 14-CV-9494 (S.D.N.Y.); and

   (iii) ADMINISTRATIVELY CLOSES this matter, to be reopened subject to good cause if the U.S. District Court for the Southern District of New York refers a related enforcement matter to the Court under Fed. R. Civ. P. 45(f) & (g).

DATED this 4th day of January, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge